IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE WHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHIRLEY MOORE, et al. | : | NO. 06-CV-1075 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                                 July 17, 2009

      This case comes before me on a *habeas corpus* petitioner's objections to the proposed findings, recommendations, and report of the magistrate judge. Concluding that those proposed findings are amply supported by the record and that the learned magistrate judge carefully and accurately applied the law, I will adopt and approve his report and recommendations, overrule the petitioner's objections, and deny this petition.

      On May 23, 1984, following a jury trial in the Court of Common Pleas of Philadelphia county, the petitioner, Jacqueline White, was convicted of first degree murder and possession of an instrument of crime. The Superior Court of Pennsylvania affirmed the judgment of sentence on June 1, 1987. Discretionary review was denied by the Supreme Court of Pennsylvania on October 19, 1987.

      In December, 1990, White sought collateral review of her conviction under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.* The Superior court affirmed the order of the PCRA court denying relief on June 10, 1991. White did not seek further review in the Pennsylvania Supreme Court. A second PCRA petition was filed by White on April 25, 1997. The petition was dismissed as untimely. White did not appeal.

On March 8, 2006, White filed this petition for *habeas corpus* relief raising, for the first time, a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). With the apparent knowledge that her petition was untimely, White relied on evidence presented in another *habeas corpus* evidentiary hearing that she describes as "newly discovered evidence" to excuse her failure to file before the expiration of the applicable limitations period. *See* 28 U.S.C. § 2244(d)(1)(D) (permitting the petitioner to file within one year of "the date on which the factual predicate to the claim or claims presented could have been discovered through the exercise of reasonable diligence."). The magistrate judge concluded that White did not exercise reasonable diligence and recommended the petition be dismissed as untimely.

White filed objections arguing that she had no actual knowledge of the controversy involving the Philadelphia District Attorney's jury selection practices and training sessions until she received a memorandum from Angus Love, Esquire in January 2006. She contends that her incarceration prevented her from learning about the jury selection claims any time earlier and that she never heard anything about former Assistant District Attorney Jack McMahon's 1988 training videotape or saw any of the television, newspaper and magazine coverage of the incident when the tape was revealed in 1997. Nor was she aware of the 1990 lecture conducted by Assistant District Attorney Bruce Sagel or Assistant District Attorney Gaven Lentz's notes of that lecture. I agree with the magistrate judge's determination that White's petition is untimely and will not restate the reasons he has so ably discussed in his report and recommendation. I write separately only to explain that, even if I had found that White's petition was timely, she would not be entitled to federal *habeas corpus* relief.

Timing is the essence of this case. First, White was convicted in 1984. In 1986, while

her direct appeal was still pending, *Batson* was decided.  Despite being represented by able counsel on direct appeal and collateral review, White has never asserted any claim of impropriety in the jury selection at her trial.  Second, the District Attorney's 1988 training tape and 1990 lecture as reflected in ADA Lentz's notes were specifically developed to address issues with jury selection post-*Batson*, and instructed prosecutors that they cannot strike a potential juror based solely on race.  White has not alleged how training that post-dates her trial could have effected the conduct of the jury selection at her trial.  Even Mr. Love's January 2006 memorandum is directed to "those who have been convicted in Phila. county after 1986 and believe their jury was tainted."

I have also reviewed the notes of Assistant District Attorney Gavin Lentz that purportedly support White's claim of office-wide prosecutorial misconduct in the jury selection process.  I do not agree with Mr. Love's assessment that these notes instruct prosecutors to violate *Batson*.  Further, I concur with the conclusions of the Honorable John Fullam that this evidence is insufficient to establish a pattern or practice of discrimination on the part of the District Attorney's office in general.  *See Bond v. Beard*, No. 02-CV-9582, 2006 U.S. Dist. LEXIS 22814, *9 (Apr. 24, 2006).

For all these reasons, White's objections are overruled.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACQUELINE WHITE : CIVIL ACTION
:
v. :
:
SHIRLEY MOORE, et al. : NO. 06-CV-1075

**O R D E R**

AND NOW, this 17th day of July, 2009, after a *de novo* review as required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), IT IS HEREBY ORDERED that:

1. The Magistrate Judge's Report and Recommendation is APPROVED and ADOPTED.

2. The petitioner's objections are OVERRULED.

3. The petition for writ of *habeas corpus* is DENIED and DISMISSED AS TIME-BARRED under 28 U.S.C. § 2244(d)(1).

4. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR.